# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-61677-SMITH

ADEM ALBRA,

    Plaintiff,

v.

ASHLEY MOODY, in her official capacity
as Attorney General FL,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. *Pro se* Plaintiff Adem Albra filed his Complaint on July 9, 2019 (ECF No. 1), alongside a motion for leave to proceed *in forma pauperis* (ECF No. 3).[1] Because Plaintiff seeks to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) are applicable to this matter. Pursuant to that statute, "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

---

[1] The Court notes that Plaintiff is a frequent filer in this district. *See, e.g., Albra v. Florida Attorney General et al*, 19-cv-61456-RAR; *Albra v. STATE OF FLORIDA*, 19-cv-61351-DPG; *Albra v. Broward County Sheriff's Department*, 19-cv-61099-WPD; *Albra v. The Board of Trustees for Miami Dade College*, 19-cv-21283-FAM; *Albra v. Colvin*, 17-cv-60569-JJO; *Albra v. The District Board of Trustees of Miami Dade College et al*, 17-cv-20757-RNS; *Albra v. Miami Dade College et al*, 15-cv-23139-CMA; *Albra v. Marra*, 06-cv-61124-MGC; *Albra v. Advan, et al*, 06-cv-60979-JAL; *Albra v. Broward County, et al*, 05-cv-61676-TEB; *Albra v. United States Depart*, 05-cv-61611-KAM; *Albra v. City of Fort Lauderd. et al*, 05-cv-61612-KAM; *Albra v. State of Florida, et al*, 05-cv-60490-AJ; *Albra v. City of Ft. Laud., et al*, 05-cv-60481-KAM.

1

Dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint is subject to dismissal . . . 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.'" *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 785 (11th Cir. 2017) (quoting *Douglas v. Yates*, 535 F.3d 1316, 1321(11th Cir. 2008)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Although *pro se* pleadings are held to a less stringent standard and construed liberally, *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), a *pro se* complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff's Complaint alleges three counts against the Florida Attorney General: (1) violation of "fundamental right to under [*sic*] the Due Process Clause of the 5th, 14th Amendment and of 42 U.S.C. § 1983;" (2) violation of "fundamental right to state court fairness (not arbitrarily decision-making) under the Equal Protection Clause of the 14th Amendment and of 42 U.S.C. § 1983;" and (3) violation of Title II of the Americans With Disabilities Act ("ADA"). Compl. at 5-

8. The allegations appear to stem from a state court case in the Seventeenth Judicial Circuit of Florida, where Plaintiff's roommate had filed for a domestic violence restraining order. *See id.* at 3. There, the state court issued an *ex parte* injunction and eventually a permanent injunction for domestic violence against Plaintiff. *See id* at 3-4. Plaintiff alleges that, as a result of the state court judge's orders, Plaintiff has been "falsely arrested and false[ly] imprisoned" and "continues to be denied his property he co-owns." *Id.* at 4. Plaintiff seeks relief in the form of "immediate declaratory and injunctive relief against the Defendant, from enforcing the State officer's order." *Id.* at 14.

Even under the relaxed pleading standards afforded to *pro se* litigants, Plaintiff's Complaint must be dismissed for several reasons. First, although Plaintiff's allegations focus primarily on the actions of a Florida state court judge, the Complaint names the Florida Attorney General as the sole defendant and purports to attribute the judge's actions to the Florida Attorney General. However, state court judges in Florida operate as a part of the judicial branch of Florida, independent from the Florida Attorney General who is an arm of the executive branch. *See* State of Florida Organizational Chart, http://www.oppaga.state.fl.us/government/storgchart.aspx. Plaintiff has not pled any facts sufficient to connect his allegations against the state judge to the Florida Attorney General, and therefore Defendant is not a properly named party to this suit.

But even if Plaintiff's claims against the Florida Attorney General could be attributed to a state court judge, his claims must fail because judges are absolutely immune from suit and are not subject to liability for actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Plaintiff has not alleged any facts that the judge acted in the absence of jurisdiction, and thus his claims under 42 U.S.C. § 1983 and the ADA must be dismissed.

Additionally, federal district courts are prohibited under the Anti-Injunction Act from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Mercer v. Sechan Realty, Inc.*, 569 F. App'x 652, 656 (11th Cir. 2014) (holding that "district court abused its discretion by enjoining the state court's default eviction judgment."). Thus, this Court has no authority to order the Florida Attorney General to order a state court judge to enjoin enforcement of the restraining order against Plaintiff, and the Complaint must be dismissed accordingly.

And finally, the *Rooker-Feldman* doctrine bars federal courts from reviewing final state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). To determine whether the *Rooker-Feldman* doctrine applies, the Eleventh Circuit instructs consideration of whether the claim was either (1) one actually adjudicated by a state court, or (2) one "inextricably intertwined" with a state court judgment. *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018). A claim is "inextricably intertwined" if it asks to "effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* Here, Plaintiff seeks to enjoin Defendant from enforcing the restraining order entered against him, which would "effectively nullify" the state court's order. Therefore, the *Rooker-Feldman* doctrine prohibits this Court from entering any of the relief sought in the Complaint.

Based on the foregoing, Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court notes that this case is Plaintiff's third bite at the apple. First, Plaintiff filed a complaint against the State of Florida in *Albra v. STATE OF FLORIDA*, 19-cv-61351-DPG, on May 30, 2019, based on the same allegations and seeking the same relief as his Complaint

herein. In that case, Judge Gayles dismissed Plaintiff's complaint without prejudice based on judicial immunity and the Anti-Injunction Act. Shortly thereafter, Plaintiff filed a new lawsuit, *Albra v. Florida Attorney General et al*, 19-cv-61456-RAR, on June 11, 2019, against the Florida Attorney General and his roommate, which was again seeking relief from the domestic violence injunction issued against Plaintiff in state court and was again dismissed without prejudice by Judge Ruiz. Now, Plaintiff brings suit in this district a third time under the same set of allegations, and again seeking relief from the state court injunction. The Court will afford Plaintiff one final opportunity to amend his Complaint, but with a warning that failure to file an amended complaint correcting the deficiencies detailed in this Order will result in dismissal of Plaintiff's claims with prejudice.

Based on the foregoing, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend by no later than August 16, 2019.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 26th day of July, 2019.

                                                                  RODNEY SMITH
                                                                  UNITED STATES DISTRICT JUDGE

cc:

Adem Albra
860 NE 34th Street
Ft. Lauderdale, FL 33334
Email: ademalbra@hotmail.com
PRO SE